UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Travis D. Sanders,**

    Plaintiff,

  v.

**Niagara County, et al.,**

    Defendants.

**DECISION and ORDER**

21-cv-6585-FPG-MJP

APPEARANCES

**For Plaintiff:**    **Travis D. Sanders,** *pro se*
Allenwood Low
Federal Correction Institution
P.O. Box 1000
White Deer, PA 17887

**For Defendant Niagara County,
and its employees or agents:**    **Brian P. Crosby, Esq.**
Gibson, McAskill & Crosby, LLP
69 Delaware Ave, Ste 900
Buffalo, NY 14202-3866

**For Defendant PrimeCare Medical,
and its employees or agents:**    **Paul A. Sanders, Esq.**
Barclay Damon, LLP
2000 Five Star Bank Plaza
100 Chestnut St
Rochester, NY 14604

INTRODUCTION

**Pedersen, M.J.** *Pro se* Plaintiff Travis Sanders has moved for appointment of counsel. (ECF No. 72, Nov. 9, 2023.) Separately, during the Rule 16 conference on October 31, 2023, Sanders argued that the Court should order initial disclosures from all parties—despite an exemption in the Federal Rules of Civil Procedure for *pro se* prisoner cases. The Court introduces these topics in turn.

1

### *Although he is incarcerated, Sanders requests initial disclosures.*

Initial disclosures under Rule 26 are the most basic element of discovery. Indeed, the Federal Rules require parties to serve them automatically. Fed. R. Civ. P. 26(a)(1)(A) ("[A] party must, without awaiting a discovery request, provide" initial disclosures.). And Rule 26's 2000 Amendment Committee note anticipates that the parties will administer mandatory disclosures on their own. Ideally, the Court will not be involved.

But here, the parties have a dispute requiring the Court's attention. Happily, this dispute is not garden variety: neither party has failed to make initial disclosures. Instead, Travis Sanders, a *pro se* prisoner, presented a well-reasoned argument that the Court has discretion to order the parties to provide initial disclosures under Rule 26.

Sanders' argument, and Defendants' response, present two questions the Court must answer. First, does the word "exempt" in Fed. R. Civ. P. 26(a)(1)(B) mean the Court lacks discretion to require initial disclosures in this case? Rule 26(a)(1)(B)(iv) exempts from the initial disclosure requirement "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." And second, does Sanders' case as a *pro se* prisoner fall into the exemption stated in Fed. R. Civ. P. 26(a)(1)(B)(iv) because he "brought" this case without counsel, even though a *pro bono* attorney filed his second amended complaint? The Court says yes to both.

The Court lacks discretion to order initial disclosures because Sanders brought his case without an attorney within the meaning of Fed. R. Civ. P. 26(a)(1)(B)(iv). The Court thus denies Sanders' request for initial disclosures.

### *Sanders moves for appointment of counsel.*

Many *pro se* parties ask this Court for an attorney. And many undoubtedly need an attorney's help. But there are few attorneys the Court can appoint and far, far more *pro se* parties who would like one. The Court must be careful when appointing counsel. The Court will appoint counsel only in limited situations.

This is one of those limited situations. Although Sanders has presented cogent legal arguments both at the Rule 16 conference and in the very motion in which he requests counsel, it appears—based on the claims he brings—that his case may be complex. And Sanders is currently incarcerated in a federal prison in Pennsylvania. In that prison, he lacks access to New York State law resources. Yet those are the very claims he would like to add to his complaint. The Court will thus appoint *pro bono* counsel exclusively for the following purposes: (1) to consult with Sanders about a potential motion to amend; (2) to analyze Sanders' proposed amendments; and (3) if *pro bono* counsel determines that Sanders' proposed amendments have merit, *pro bono* counsel may then bring a motion to amend.

## PROCEDURAL HISTORY

### *Sanders sues Niagara County Jail and its contractor for his COVID-19 exposure.*

Travis Sanders sued Niagara County Jail for his exposure to COVID-19 while incarcerated there. Sanders alleges that Defendants failed to follow proper safety

protocols to prevent the spread of COVID-19, causing him to contract the virus and suffer severe symptoms.

Sanders' woes allegedly did not stop there. Sanders also alleges that Defendants failed to properly treat his COVID-19 symptoms, falsified medical records to make his symptoms seem less serious, and retaliated against him for filing grievances. He also alleges retaliation by prison officials for his filing of grievances about his treatment.

This case just reached a Rule 16 conference despite being over two years old. It appears that it has taken some time for the defendants to be identified. And Sanders has filed an amended and second amended complaint. (Am. Compl., ECF No. 12, Jan. 27, 2022; 2d Am. Compl., ECF No. 22, June 21, 2022.) To focus Sanders' allegations, the Hon. Frank P. Geraci, District Judge, appointed counsel to help Sanders file that complaint. (Text Order, ECF No. 13, Mar. 8, 2022; Order Appointing *Pro Bono* Counsel, ECF No. 14, Mar. 28, 2022.) Once the newly named defendants answered the second amended complaint, Judge Geraci referred this case to the undersigned for pretrial matters. (Text Order, ECF No. 66, Sept. 19, 2023.)

Sanders' second amended complaint includes PrimeCare and the Jail and numerous individual defendants. The individual defendants generally fall under the umbrella of either PrimeCare or the Jail. Given the number of defendants and impending discovery exchanges, Sanders asked the Court to require initial disclosures of all parties.

*The parties dispute the meaning of Rule 26(a)(1).*

Specifically, during the Rule 16 conference, the Court learned that Sanders wants all parties to exchange initial disclosures. The Court also learned that Sanders has been incarcerated from the beginning of this case. Defendants objected, arguing that this "proceeding[]" is exempt from the initial disclosure requirement under Fed. R. Civ. P. 26(a)(1)(B).

To overcome Defendants' objection, Sanders made several arguments. First, Sanders argued that he would be prejudiced if he is not afforded initial disclosures. He noted that he will have to expend interrogatory requests to learn the same information that initial disclosures would provide. And he pointed out that initial disclosures would be helpful for his planned amendment of his complaint. Second, Sanders pointed out that Defendants had not objected until the Rule 16 conference.[1] Finally, Sanders argued that the Court has discretion to require initial disclosures of all parties. Despite the plain language of Fed. R. Civ. P. 26(a)(1)(B)(iv), he argues that the Court has discretion to "otherwise … order[]" initial disclosures. Fed. R. Civ. P. 26(a)(1).

The Court reserved decision.

---

[1] To the extent that the Court's pre-Rule 16 conference order said Defendants had to raise this objection *before* the conference, the text of Rule 26 governs and prevents Sanders from obtaining initial disclosures. (Order ¶ 2, ECF No. 67, Sept. 25, 2023.)

***Sanders moves, for the third time, for appointment of counsel.***

Following the Rule 16 conference, Sanders moved for appointment of counsel on November 9, 2023. (ECF No. 72.) This is not Sanders' first such motion.

Judge Geraci denied Sanders' first motion for appointment of counsel, reasoning that "the Court lacks sufficient information to consider the [relevant] factors." (Order at 26, ECF No. 9, Dec. 2, 2021.) Judge Geraci also pointed out that Sanders presented only non-unique arguments that he "cannot afford counsel" and that he lacks "the knowledge or resources to 'adequately' represent himself." (*Id.* (citation omitted).)

Eventually, Judge Geraci did appoint counsel "[t]o assist [Sanders] in presenting a more coherent amended complaint in conformance with Rules 8 and 10 of the Federal Rules of Civil Procedure and the Screening Order." (Text Order, ECF No. 13; *see also* Order Appointing *Pro Bono* Counsel, ECF No. 14.) The Court appointed counsel for the limited purpose of amending Sanders' first amended complaint. (*See id.*) Now Sanders seeks similar relief. This order followed.

## DISCUSSION REGARDING INITIAL DISCLOSURES

***Rule 26 requires mandatory disclosures but exempts proceedings involving*** **pro se** ***prisoners.***

"The purpose of Rule 26 mandatory disclosures is to notify the parties of the claims each party intends to pursue, the individuals who may have relevant information, the documents to support those claims, and a computation of the damages sought, so that the parties can adequately prepare for trial." *Kodak Graphic Commc'ns Canada Co. v. E.I. Du Pont de Nemours & Co.*, No. 08-CV-6553-

6

FPG, 2013 WL 5739041, at *2 (W.D.N.Y. Oct. 22, 2013). Rule 26 accordingly requires parties to produce this information "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). But Rule 26(a)(1) has exemptions.

Rule 26 starts out concerning initial disclosures: "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court," the parties must make mandatory disclosures. *Id*. Lower, the Rule lists the exemptions. Rule 26(a)(1)(B) provides: "The following proceedings are exempt from initial disclosure[.]" One of the exempt proceedings is any "action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). The key here is whether the word "exempt" provides the Court discretion to require Defendants to make initial disclosures. The Court holds that it does not.

***The Court lacks discretion to require mandatory disclosures here.***

The Court does not have discretion to remove Defendants' "exemption" from mandatory disclosures here. This is because "exempt" and its noun form "exemption" refer to "specific release from a legal obligation by which others similarly situated are bound." *Immunity*, *Garner's Dictionary of Legal Usage* (3d ed. 2011).[2] Tax law is a helpful analogue: It shows why the Court lacks discretion.

---

[2] This entry in *A Dictionary of Modern Legal Usage* also defines "exemption." The Advisory Committee's notes concerning the Rule 26 exemptions likewise support the Court's conclusion. They indicate that Fed. R. Civ. P. (a)(1)(B) "*excludes* eight specified categories of proceedings from initial disclosure." Fed. R. Civ. P. (a)(1) advisory committee's note to 2000 amendment (emphasis added).

Defendants are exempt in the same way that a 501(c)(3) organization is exempt from paying taxes. The IRS cannot levy taxes on them. So too here. The law does not give the Court discretion to require Defendants to serve mandatory disclosures. *See Ward v. LeClaire*, No. 9:07-CV-0026 (LEK) (RFT), 2008 WL 1787753, at *3 (N.D.N.Y. Apr. 17, 2008) (holding that a *pro se* prisoner plaintiff could not succeed on a motion to compel because "this case is and continues to be exempt from [initial disclosures] and the Assistant Attorney General assigned to this case shall not be faulted for her failure to turn such information over"). Rule 26(a)(1)(B)(iv) tells the Court that it cannot require Defendants to serve initial disclosures. Sanders is correct that there is *some* discretion: A party entitled to an exemption need not take advantage of it.

But unlike the New York State Attorney General's Monroe County office—which despite its exemption for initial disclosures will voluntarily hand over initial disclosures—Defendants here have objected to doing so. *See, e.g., Pettiford v. C.O. Michael Hosmer*, No. 13-CV-436-FPG, 2016 WL 4987600, at *2 (W.D.N.Y. Sept. 19, 2016) (noting that despite the case being "exempt from the directives of Rule 26(a)" defendants represented by the Attorney General "nevertheless" provided initial disclosures). It is up to Defendants, not the Court, to decide if they will use the exemption. *See Ward*, 2008 WL 1787753, at *3; *see also Walker v. Newsom*, No. 220CV2243TLNACP, 2022 WL 2670328, at *1 (E.D. Cal. July 11, 2022) (denying *pro se* prisoner plaintiff initial disclosures because "this case is exempt from Federal Rule of Civil Procedure 26(f)," which applies the exemptions of Fed. R. Civ. P.

26(a)(1)(B)). Defendants are exempt and therefore the Court cannot require them to produce initial disclosures.³

### *Sanders "brought" this case "without an attorney."*

This is plainly "an action brought without an attorney" by a *pro se* prisoner. Yet Sanders argues that because he had *pro bono* counsel at the filing of his second amended complaint, the provision does not apply. Not so.

Despite Sander's imaginative argument, the word "brought" indicates the beginning of the case—which Sanders "brought" while *pro se. See Ward*, 2008 WL 1787753, at *2 ("Patently, the exemption set forth in Rule 26(a)(1)(B)(iv) looks at Plaintiff's status at the time the action was 'brought,' in other words, when it was filed."). Because Sanders "brought" this action without an attorney by filing his complaint, (ECF No. 1), Sanders cannot escape Rule 26(a)(1)(B)(iv) this way. The provision does not say, for example: "is bringing without an attorney." That phrase, because it is in the present progressive, would encompass Sanders' starting his case *and* continuing it. But "brought" refers only to the outset of Sanders' case.

Some courts have objected that reading the rule such that "where an action is commenced by a *pro se* prisoner, it is forever exempt from Rule 26." *Meneweather v. Powell*, No. C 07-4204 SBA (PR), 2011 WL 13209593, at *1 (N.D. Cal. Dec. 13, 2011). Hardly. "Forever exempt from Rule 26" is overstatement. Forever exempt

---

³ By explaining the plain meaning of "exempt" and "exemption" here, the Court rejects Sanders' argument concerning the phrase "or as otherwise stipulated or ordered by the Court." Fed. R. Civ. P. 26(a)(1)(A). Given the plain meaning of Rule 26(a)(1)(B), which states that *pro se* prisoner cases "are exempt from initial disclosure," the Court cannot read a contradictory provision into the Rule.

from Rule 26*(a)(1)(A)* is accurate. And whatever the wisdom of this choice, the meaning of the text is unambiguous. Courts cannot circumvent a rule or statute's plain language.

### DISCUSSION REGARDING APPOINTMENT OF COUNSEL

"Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel." *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004) (quotation omitted). Still, in rare cases, the Court may appoint an attorney to help a *pro se* party. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The decision to appoint counsel is within "the discretion of the court." *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (citation omitted). But the Court is mindful that there are far more requests for attorneys than the Court can provide. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily."). The Court should carefully consider the law before granting a *pro se* party an attorney.

Here, Sanders' motion should be granted exclusively for the following purposes: (1) to consult with Sanders concerning a potential motion to amend; (2) to analyze Sanders' proposed amendments; and (3) if *pro bono* counsel determines that Sanders' proposed amendments have merit, *pro bono* counsel may bring a motion to amend. The Court does not comment on the merit of Sanders' need for *pro bono* counsel in discovery or for dispositive motions. (Mot. to Appoint Counsel at 1 ¶ 4, ECF No. 72 (naming discovery and dispositive motions as areas for which Sanders

would like *pro bono* counsel).) Sanders may make a separate request for counsel for discovery and dispositive motions later.

### *The* Hodge *factors favor granting Sanders* **pro bono** *counsel for the limited purpose of amending his complaint.*

To begin, there is no serious question here that Sanders cannot "afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Judge Geraci granted Sanders' motion for leave to proceed *in forma pauperis*. (Order, ECF No. 9, Dec. 2, 2021.) And Sanders has tried to find counsel. (Mot. to Appoint Counsel, Ex. 3, ECF No. 72.) "If the claim meets this threshold requirement, the court should then consider" the *Hodge* factors. *Hodge v. Police Officers*, 802 F.3d 58, 61 (2d Cir. 1986). Analysis of these factors shows that appointment of counsel is appropriate.

**Likelihood of substance or merit.** Under the relevant analysis, the Court asks first if the *pro se* plaintiff's "position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge*, 802 F.2d at 61). The Court decides if the *pro se* party has claims that may succeed. *See Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988) (inquiry is if *pro se* plaintiff's claims may have merit "from the face of the pleading"). The Court believes that Sanders' allegations satisfy this requirement. Sanders pleads a sufficient relationship between Defendants' actions and his eventual injury. *See Mackey*, 312 F. Supp. 2d at 582 (finding that relationship between alleged police department officers' beating of *pro se* prisoner and resulting injuries "satisfied" the "threshold

11

showing of merit" requirement). This does not mean that Sanders will succeed on his claims—only that they have some merit. This favors appointment of counsel.

**The *pro se* party's ability to investigate.** Next, the Court asks if the *pro se* party has the resources to investigate facts about their claim. Many prisoners present the Court with arguments that incarceration alone makes it difficult to investigate their claims. Such arguments are unhelpful: this is true of every *pro se* prisoner. If the Court gave every *pro se* prisoner legal counsel on this basis, the Court would quickly exhaust its *pro bono* resources, leaving other *pro se* litigants out in the cold.

While Sanders makes such an argument, (*see* Mot. to Appoint Counsel at 3 ¶ 10, ECF No. 72), he also presents a unique argument that favors appointing counsel. Sanders is incarcerated outside of New York State. And he presents evidence that because of this he cannot access New York State law from "the provided electronic law library from the BOP." (Mot. to Appoint Counsel, Ex. 1, ECF No. 72.) Sanders adds that he has yet to be provided with New York State law resources. (*See id.*, Ex. 4.) But the underlying events here took place in Niagara County Jail—far from where Sanders is incarcerated in Pennsylvania. This strongly favors appointing counsel to assist Sanders with evaluating if he can add state law claims to his complaint. *See Gatson v. Coughlin*, 679 F. Supp. 270, 273 (W.D.N.Y. 1988) (noting that *pro se* prisoner's "investigation presumably might not be effectively conducted by plaintiff … due to the fact that, for the most part, the events complained of took place at Attica and the plaintiff is now at Green Haven").

**Conflicting evidence.** Third, the Court asks if conflicting evidence will require the *pro se* party to cross-examine witnesses. The parties are barely into discovery. Yet Sanders asserts that "challenges will be made to [his] credibility" and that "the facts of the case are going to be strongly disputed." (Mot. to Appoint Counsel at 4 ¶¶ 12–13, ECF No. 72 (alteration added).) It is simply too soon to tell if Sanders' claims will prove true.

**Ability to present the case.** In terms of his abilities, Sanders' submissions and arguments to the Court do not "demonstrate[] any marked difficulties in presenting his case." *Mackey*, 312 F. Supp. 2d at 582. To the contrary, his arguments to this Court about initial disclosures suggest he is "sufficiently knowledgeable and equipped to understand and handle th[is] litigation." *Nelson v. McGrain*, No. 12-CV-6292, 2017 WL 4155420, at *3 (W.D.N.Y. Sept. 19, 2017) (alteration added). These facts favor denial. But Sanders correctly points out his "inability to access New York State laws, codes[,] and regulations" and "NYS case law sever[e]ly restricts [his] ability to present this case." (Mot. to Appoint Counsel ¶ 15, ECF No. 72 (alterations added).) While this factor may later tip the other way, presently, it favors appointing counsel.

**Complex legal issues.** Fourth, the Court looks at if the case involves complex legal issues. *See Ledesma v. Garland*, 850 F. App'x 84, 89 (2d Cir. 2021) (holding that because "appeal raise[d] several issues that were both complex" and meritorious, appointment of counsel was warranted) (alteration added); *see also Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (appointing counsel in part

13

because "[t]he legal issues raised in this appeal are fairly complex.") (alteration added).

Sanders correctly points out that "[t]he Defendants include municipal and corporate entities" and numerous individual defendants. (Mot. for Appointment of Counsel at 5 ¶ 17, ECF No. 72 (alteration added).) During the Rule 16 conference, he noted that his claims require "a significant amount of investigation into the conditions … of his confinement." *Kelly v. Selsky,* No. 00 CIV. 3919HBKNF, 2001 WL 69435, at *2 (S.D.N.Y. Jan. 26, 2001). Because "it is unlikely that" Sanders "can perform the investigation himself," this factor favors appointment of counsel. *Id.*

**Just determination.** Finally, the Court also asks if an attorney's help would increase the chances "of a just determination." Here, an attorney's assistance would help ensure a just determination. Again, Sanders is not able to evaluate state law claims on his own because of where he is incarcerated.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Sanders' request for initial disclosures and **GRANTS** in part and **DENIES** in part his motion for appointment of counsel.

**Appointment of counsel.** The Court will appoint *pro bono* counsel **only** for the following purposes: (1) to consult with Sanders concerning a potential motion to amend; (2) to analyze Sanders' proposed amendments; and (3) if *pro bono* counsel determines that Sanders' proposed amendments have merit, *pro bono* counsel may bring a motion to amend. Again, the Court does not comment on the merit of Sanders' need for *pro bono* counsel in discovery or for dispositive motions. Sanders

may make a separate motion for appointment of counsel for these later stages of his case. The Court will issue a separate order to effect its appointment of counsel.

**Initial disclosures.** Regarding Sanders' request for initial disclosures: Even if the Court lacks discretion to require Defendants to provide initial disclosures, the Court still has discretion to afford a *pro se* prisoner Rule 26-style discovery. *See Ward*, 2008 WL 1787753, at *3 (noting that "[t]he exemption only applies to *automatic* disclosure; it does not act to prevent such information from ever being exchanged") (emphasis in original).

The Court accordingly invites Sanders to submit a request for additional interrogatories, or other form of discovery, if he determines he needs them. When the Court receives Sanders' request, it will consider if, given the factors stated in Rule 26(b)(1), additional interrogatories are warranted for Sanders. *See* Fed. R. Civ. P. 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).")

**IT IS SO ORDERED.**

Dated: November 14, 2023
Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge