UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

TRAVIS D. SANDERS,

    Plaintiff,

v.

COUNTY OF NIAGARA, et al.,

    Defendants.

21-CV-6585-MAV -MJP

ORDER

───────────────────────────────────────

# INTRODUCTION

On December 19, 2024, United States Magistrate Judge Mark W. Pedersen, to whom this case is referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), ECF No. 66, issued a Report and Recommendation ("R&R"), ECF No. 108, addressing Plaintiff's motion for leave to file a third amended complaint on August 12, 2024, ECF No. 91 (the "motion to amend"). Judge Pedersen recommends that the district court deny Plaintiff's proposed amendments to add a defendant to his First Amendment retaliation claim and to add a breach of contract claim against existing Defendant, the County of Niagara (the "County"). ECF No. 108 at 15–17. Plaintiff filed timely objections thereto, ECF No. 111, and the Defendants filed a response, ECF No. 113. The case was transferred to the undersigned on February 10, 2025. ECF No. 116.

After review, the Court accepts and adopts the R&R's recommended disposition as to both of Plaintiff's proposed amendments. Accordingly, Plaintiff's motion to amend, ECF No. 91, is denied without prejudice.

The Court assumes the reader's familiarity with the facts and history of this case and briefly recites the following. Plaintiff, Travis D. Sanders, was a pretrial detainee at the Niagara County Jail in and around 2019 through 2021, and has brought various claims arising from alleged failures to follow proper safety guidelines to prevent the spread of COVID-19, resulting in his contraction of the virus with severe symptoms, failures to properly treat such symptoms, falsification of medical records to downplay his symptoms, and retaliation against him for filing grievances. *See* ECF No. 91-6. Plaintiff had been proceeding *pro se* until Judge Pedersen appointed *pro bono* counsel for the limited purpose of advising on and facilitating amendments to Plaintiff's complaint. ECF No. 83. Plaintiff remains represented by counsel, albeit by different attorneys. *See* ECF Nos. 106, 109, 110.

After obtaining delayed discovery, Plaintiff's proposed third amended complaint[1] seeks to add Anthony R. Suess, who "[u]pon information and belief" was a Deputy Chief in the Niagara County Jail, as a defendant to Plaintiff's retaliation claim pursuant to 42 U.S.C. § 1983 based on email correspondence between Suess and a member of the United States Marshals Service. ECF Nos. 91, 91-5, 91-6, ¶¶ 285–86. Beyond listing his former title, there are no factual allegations in Plaintiff's proposed pleading about Suess at all. *See* ECF NO 91-6, ¶ 33. The email correspondence that was attached as Exhibit 5 to Plaintiff's motion to amend is never

---

[1] Plaintiff's proposed third amended complaint does not comply with this district's local rules, requiring, among other things, that the amendment(s) or supplement(s) to the operative pleading "be identified in the proposed pleading through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format." Loc. R. Civ. P. 15(b). This requirement does not apply to *pro se* plaintiffs, *id.*, but as noted, Plaintiff was represented at the relevant times here.

referenced in the proposed pleading itself, and simply shows that in March 2021 Suess wrote, "After speaking with both Captains, *they* each have 1 request to move out," and then named Plaintiff and another inmate. ECF No. 91-5 at 5 (emphasis added).

Plaintiff's proposed third amended complaint also seeks to add a breach of contract claim against the County based on a Detention Services Intergovernmental Service Agreement ("IGA") between the United States Marshals Service and the Niagara County Jail. ECF No. 91-6, ¶¶ 287–293. He alleges that as a "federal detainee," he was an intended third-party beneficiary of the IGA and that the County breached the IGA "by failing to provide Plaintiff proper medical services and safe keeping as set forth in the IGA." *Id.*, ¶¶ 291–92. He also alleges that the United States Marshals Service "fully performed its duties under the IGA." *Id.*, ¶ 290. Plaintiff included the IGA contract as an exhibit to his motion to amend, ECF No. 91-5, but his proposed pleading does not include any allegations about the IGA beyond those mentioned above.

## STANDARDS OF REVIEW

### I. Review of Reports and Recommendations

Because Judge Pedersen is recommending that Plaintiff's motion to amend be denied on futility grounds, the Court reviews those determinations under a *de novo* standard of review. *See Briggs v. Cnty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (collecting cases contemplating the denial of a motion to amend based on futility as a dispositive decision).

However, to trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Hunt*, 440 F. Supp. 3d 221, 224 (W.D.N.Y. 2020) (quotation omitted); *see Briggs*, 215 F. Supp. 3d at 215; Loc. R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report and recommendation only for clear error. *Blackhawk v. Hughes*, No. 9:20-CV-0241(LEK/TWD), 2021 WL 752838, at *1 (N.D.N.Y. Feb. 26, 2021). A district court "may accept, reject, or modify the recommended disposition [in the R&R]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

"Moreover, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hunt*, 440 F. Supp. 3d at 224 (quotation omitted).

## II. Motions to Amend

A decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors for a court to consider when deciding whether to grant leave to amend are undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of the amendment. *See Forman*, 371 at 178.

"Proposed amendments are futile," and thus must be denied, "if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (quotation omitted). Accordingly, the court must determine whether a proposed amendment has "facial plausibility," meaning that it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A court must accept as true all of the allegations contained in a proposed amended complaint, but that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Although the court is obligated to draw the most favorable inferences that

a proposed amended complaint supports, it cannot invent factual allegations that the plaintiff has not pleaded. *See id.*

## DISCUSSION

Plaintiff makes the following objections to Judge Pedersen's R&R. First, Plaintiff raises that the R&R does not explicitly indicate whether the recommended denial of leave to amend his operative complaint was with or without prejudice. ECF No. 111 at 3–4, 6–7. He argues that the language of the R&R suggests the latter and objects to the extent that he may be precluded from attempting to seek further amendment to join Suess as a defendant and/or add a breach of contract claim based on the IGA. *Id.* at 4, 7. Second, Plaintiff objects to the R&R's conclusion that his proposed IGA contract claim against the County is futile, arguing the magistrate judge failed to widen the scope of the pleadings to include the IGA contract submitted with his motion to amend, ECF No. 91-4, and the arguments made in Plaintiff's reply to Defendants' opposition to his motion to amend, ECF No. 103. These objections are subject to *de novo* review. *See Hunt*, 440 F. Supp. 3d at 224.

The Court reviews the remainder of the R&R for clear error, including the R&R's recommended denial of Plaintiff's attempt to join Suess as a defendant on his retaliation claim as, presently, futile. *See Blackhawk*, 2021 WL 752838, at *1. At no point in his enumerated substantive objections did Plaintiff take issue with the R&R's finding of futility with respect to joining Suess as a defendant. *See* ECF No. 111 at 3–7. The conclusion section of Plaintiff's objection filing nonetheless states that he "objects to the denial of the motion to amend because he believes that the complaint,

6

including all of the allegations from the current, operative[ ] complaint,² as well as exhibits included with the motion papers sets forth plausible claims for relief *as to both proposed amendments.*" *Id.* at 7 (emphasis added). Regardless of whether the Court construes Plaintiff to have made no objection at all to the futility finding of Suess's proposed joinder, or an objection that is general, conclusory, or perfunctory, Plaintiff's filing does not trigger *de novo* review beyond the two objections set forth above. *See Blackhawk,* 2021 WL 752838, at *1; *Hunt,* 440 F. Supp. 3d at 224.

As to Plaintiff's first clearly aimed objection, given the "lenient standard" under Rule 15 that leave to amend should be freely given where justice so requires and, here, that the R&R expressly contemplates the potential to supplement Plaintiff's factual allegations, the Court construes Judge Petersen's R&R to recommend denying Plaintiff's motion to amend without prejudice. *See Thomas v. ConAgra Foods, Inc.,* No. 6:20-CV-06239-EAW-MJP, 2022 WL 3699408, at *4 (W.D.N.Y. Aug. 26, 2022); *United States v. O'Rourke,* 943 F.2d 180, 186 (2d Cir. 1991) (interpretation of a court order is a matter of law); Fed. R. Civ. P. 15(a); *cf. Kling v. World Health Org.,* 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (dismissal of a complaint with prejudice is appropriate when flaws in the pleading are incurable). Therefore, Plaintiff's first objection is moot.³

---

² *But see* Loc. R. Civ. P. 15(a) ("No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.").

³At this stage of the proceedings, the deadline to file motions to amend pleadings or join parties has passed. The Court leaves it to Plaintiff in the first instance, if and when he moves to amend his operative complaint again, to also demonstrate "good cause" for modification of a scheduling order. Fed. R. Civ. P. 16(b); *see Thomas,* 2022 WL 3699408, at *4 (explaining the lenient amendment standard

7

As to Plaintiff's second objection, after *de novo* review, the Court accepts Judge Pedersen's recommended disposition to deny Plaintiff's motion to amend his operative complaint to add a breach of contract claim based on the IGA. *See* Fed. R. Civ. P. 72(b)(3). The Court finds that Plaintiff's relevant filings[4] demonstrate that allowing such an amendment is futile.

Plaintiff appears to acknowledge that his proposed third amended complaint does not contain any factual allegations about the IGA, the relevant standards for medical care that it sets forth or incorporates by reference, or the breach(es) "the County of Niagara" committed. *See* ECF No. 111 at 4–5. He contends though that other filings taken together with the proposed third amended complaint should allow this claim to proceed to service, pointing to the included copy of the IGA as an exhibit to his motion to amend, ECF No. 91-4, and his reply brief in support of his motion to amend, which "goes into detail as to the pertinent provisions of the contract that Plaintiff believes were violated by Niagara County jail personnel," ECF No. 11 at 4 (citing ECF No. 103 at 2–3). Furthermore, he asserts that "the pleading is a proposed pleading[,] and these allegations can be (and should be) allowed to be included in the actual filed pleading." *Id.* at 4. Plaintiff is largely incorrect.

---

of Rule 15 must be balanced against Rule 16(b)(4)'s requirement that a scheduling order shall not be modified except upon a showing of good cause).

[4] On January 31, 2025, Plaintiff's counsel submitted a "declaration" regarding the appeal of the R&R and included an exhibit containing a fourth amended complaint. *See* ECF Nos. 114, 114-1. These filings were not submitted for the magistrate judge's consideration, thus the Court declines to consider them in ruling on Plaintiff's objections to the R&R. *See Hunt*, 440 F. Supp. 3d at 224. The Court takes no position at this time on the viability of a subsequent motion to amend, leaving that issue to the parties and the magistrate judge in the first instance if such circumstances arise.

Judicial review of a plaintiff's motion to amend his complaint must necessarily be tied to the actual proposed amended pleading filed as an exhibit to such motion—not a hypothetical or promised version of the pleading yet to properly be before the Court. *See* Loc. R. Civ. P. 15(c) (explaining that when a motion to amend is granted, the party must file and serve *the* amended pleading within fourteen (14) days); *see also Tannerite Sports, LLC*, 864 F.3d at 252 (affirming denial of motion to amend on futility grounds because plaintiff simply argued that amendment would "correct any defects identified by the Court" without providing any specific facts on how the deficiencies would be cured). *See generally, e.g., Bronx Household of Faith v. Bd. of Educ. of City of New York*, 492 F.3d 89, 121 (2d Cir. 2007) (discussing the doctrine of ripeness). This district's Local Rules of Civil Procedure specifically provide that when a movant is seeking to amend a pleading or join a party, "[t]he proposed amended pleading must be a complete pleading superseding the [operative] pleading in all respects." Loc. R. Civ. P. 15(a).

Additionally, the Court agrees with the magistrate judge that it is inappropriate to consider Plaintiff's briefing on his motion, whether in the initial papers or in his reply,[5] as part of the universe of factual allegations "pleaded" in support of amendment. *See* ECF No. 108 at 11. That said, the Court does consider the copy of the IGA contract included as an exhibit to Plaintiff's motion to amend in its

---

[5] Still further, "[i]t is settled . . . that arguments raised for the first time in replying in further support of a motion are generally deemed waived." *Ceglia v. Zuckerberg*, 287 F.R.D. 152, 162 (W.D.N.Y. 2012). Plaintiff's objection to the R&R specifically points to his reply brief as providing the necessary "detail as to pertinent provisions of the contract" that were allegedly violated. ECF No. 111 at 4.

*de novo* review of Plaintiff's proposed amendment to add a breach of contract claim based on the IGA. Pursuant to the standards applicable to Rule 12(b)(6) motions to dismiss, courts likewise limit consideration of motions to amend under Rule 15 to (1) the factual allegations in the proposed complaint; (2) documents attached with the proposed complaint as an exhibit[6] or incorporated by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the proposed complaint relies heavily, *i.e.*, documents that are "integral" to the proposed complaint. *See Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 369 (S.D.N.Y. 2014); *Tannerite Sports, LLC*, 864 F.3d at 252 (whether an amendment is futile is evaluated under Rule 12(b)(6) standards).

Doing so, nonetheless, leads to the same finding in the R&R that amending Plaintiff's operative complaint to add his proposed IGA breach of contract claim is futile. "A breach of contract claim will withstand a motion to dismiss only if plaintiff alleges the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." *Transaero, Inc. v. Chappell*, No. 13-CV-5752 JFB GRB, 2014 WL 1783732, at *10 (E.D.N.Y. May 6, 2014) (quotation and brackets omitted).

Count Eight of Plaintiff's proposed third amended complaint, entitled "Breach of Contract, Inadequate Medical Care," arises from the IGA contract between the

---

[6] Because a proposed amended pleading must itself be filed as an exhibit to a motion to amend, *see* Loc. R. Civ. P. 15, the fact that Plaintiff's factual "exhibits" were not attached directly to the proposed pleading and instead were filed as additional exhibits to his motion does not alter the propriety of reviewing them.

United States Marshals Service and the "Niagara County Jail," ECF No. 91-4 at 2, 4, to which Plaintiff alleges he is an intended third-party beneficiary, ECF No. 91-6, ¶ 292; *see also* ECF No. 91-6, ¶ 289 (alleging in Count Eight that "Defendant Niagara County entered into" the IGA, with no factual allegations establishing the relationship between the County itself and the jail).

"To succeed on a claim for breach of contract as a third-party beneficiary, a third party 'must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost.'" *Freepoint Commodities LLC v. Ridgebury Kilo LLC*, 632 F. Supp. 3d 549, 555 (S.D.N.Y. 2022) (quoting *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006)). Plaintiff's proposed third amended complaint merely alleges that he "is a United States citizen and was a pre-trial detainee confined at the [Niagara County Jail] during the period February 19, 2019, through March 24, 2021," ECF No. 91-6, ¶ 6, and that "as a federal detainee and individual charged with federal offenses awaiting trial, [he] was an intended third-party beneficiary of the IGA," ECF No. 91-6, ¶ 292.

The IGA states that the purpose of the agreement is "to house Federal detainees with the Local Government at the Niagara County Jail," and defines "Federal detainees" as "individuals charged with Federal offenses and detained while awaiting trial, individuals who have been sentenced and are awaiting designation and transport to a Bureau of Prisons (BOP) facility, and individuals who are awaiting

11

a hearing on their immigration status or deportation." ECF No. 91-4 at 4 (capitalization omitted in first quotation). While the IGA itself adds context to Plaintiff's paragraph 292, the Court "cannot invent factual allegations that the plaintiff has not pleaded." *Chavis*, 618 F.3d at 170. The considered filings do not plausibly show that the IGA was intended for Plaintiff's benefit and that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties—here, the United States Marshals Service and the Niagara County Jail—of a duty to compensate him if the benefit is lost. *See Freepoint Commodities LLC*, 632 F. Supp. 3d at 555.

Even if looking to the terms of the IGA exhibit plausibly demonstrated how Plaintiff is an intended third-party beneficiary of the IGA, doing so does not save Plaintiff's proposed amendment.

Proposed Count Eight purports to "incorporate[] by reference and repeat[] and reallege[] every allegation set forth herein," ECF No. 91-6, ¶ 287, yet there are no factual allegations at all to incorporate, repeat, or reallege about any specific provisions of the IGA. Merely attaching the contract to a pleading, while informative, cannot, absent factual allegations otherwise pleaded, satisfy the standards required for notice pleading of a breach of contract claim, under any state substantive law.[7] Fed. R. Civ. P. 8, 12(b)(6); *see Iqbal*, 556 U.S. at 678; *see also* 17B C.J.S. Contracts

---

[7] Given the state of Plaintiff's filings, denying leave to amend to add an IGA breach of contract claim as futile is not a close question. Choice of law, while certainly relevant to analyzing a reasonably pleaded breach of contract claim, is not an issue that requires resolution to resolve Plaintiff's instant motion to amend.

12

§ 830 (providing the standard elements of a cause of action for breach of contract). Proposed Count Eight simply alleges that "Defendant[] breached the IGA by failing to provide Plaintiff proper medical services and safe keeping as set forth in the IGA." ECF No. 91-5, ¶ 291. However, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 19 (S.D.N.Y. 2023); *see Chavis*, 618 F.3d at 170 (threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice).

The IGA itself sets forth very few direct requirements for providing medical care to "Federal detainees," often instead providing that the "Local Government"—the Niagara County Jail—must comply with laws, regulations, health care standards, etc., extrinsic to the agreement. *See, e.g.*, ECF No. 91-4 at 6 ("Medical care for Federal detainees shall be provided by the Local Government in accordance with the provisions of USMS, Publication 100-Prisoner Health Care Standards (www.usmarshals.govibrisoneristandards.htm) and in compliance with the Core Detention Standards or those standards which may be required by any other authorized agency user."); ECF No. 91-4 at 4 ("The Local Government shall provide Federal detainees with the same level and range of care inside the Facility as that provided to state and local detainees."); ECF No. 91-4 at 6 (stating "the Facility shall have in place an adequate infectious disease control program which includes testing of all Federal detainees for Tuberculosis (TB) within 14 days of intake," without defining what is "adequate").

13

Although Plaintiff's proposed third amended complaint alleges failures to follow "CDC Guidelines," it does not plausibly allege that, for example, the IGA required the Niagara County Jail to follow those guidelines, or that any specific practices at the jail breached any specific provision of the IGA. Indeed, many of the allegations that invoke "CDC Guidelines" do not set forth specific recommended practices, further straining any plausible inference from the proposed amendment that the Niagara County Jail or the County breached the IGA. *E.g.,* ECF No. 91-6, ¶ 47 ("CDC Guidelines in effect during the relevant period instructed jails to implement quarantine measures for all instances of close contact and to take other safety measures for the safety of incarcerated individuals and correction personnel."); *see Iqbal,* 556 U.S. at 678 (to sufficiently state a claim, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Plaintiff also makes allegations about failures to follow policies of Defendant PrimeCare Medical of New York, Inc., which "had a contract with Defendant County to provide medical care and treatment for Plaintiff and incarcerated individuals housed at" the Niagara County Jail, ECF No. 91-6, ¶ 10, but makes no attempt to assert if or how that bears on the County's potential liability under the IGA.

In sum, the Court agrees with the magistrate judge that granting Plaintiff's motion to amend to assert an IGA breach of contract claim against the County is futile.

Lastly, on the face of the record, the Court finds no clear error in the remainder of the R&R.[8] *See Blackhawk*, 2021 WL 752838, at *1.

## CONCLUSION

For the forgoing reasons, the Court accepts and adopts the magistrate judge's recommended disposition as to both of Plaintiff's proposed amendments, *see* ECF No. 108, and Plaintiff's motion to amend, ECF No. 91, is thus denied without prejudice. Plaintiff's objections to the R&R are overruled. The case remains referred to Magistrate Judge Pedersen. *See* ECF No. 66.

SO ORDERED.

Dated: February 26, 2025
Rochester, New York

*/s/ Meredith Vacca*
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

---

[8] As may be pertinent to a subsequent motion to amend, the Court notes it would have considered page 5 of Exhibit 5, ECF No. 91-5—a copy of email correspondence between Suess and the United States Marshals Service—submitted with Plaintiff's motion to amend in a *de novo* review of Plaintiffs attempted joinder of Suess as a defendant to his retaliation claim. *See Polanco*, 23 F. Supp. 3d at 369. The remaining pages of that "exhibit" consist of a letter motion drafted by Plaintiff himself (not his counsel) and a certificate of service. ECF No. 91-5 at 1–4, 6. The Court notes that Judge Pedersen considered these emails in the alternative to support his recommendation to deny the proposed amendment to add Suess. ECF No. 108 at 14–15. The Court finds no clear error to preclude accepting that recommendation.